# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1053V
UNPUBLISHED

| | |
|---|---|
| SUSAN CAVALLARO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for petitioner.

*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On July 28, 2018, Susan Cavallaro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a should injury related to vaccine administration (SIRVA) in her right shoulder from an influenza ("flu") vaccine administered on October 11, 2017. Petition at 1, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 9, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for right shoulder bursitis, which was caused-in-fact by the flu vaccination administered to Petitioner on October 11, 2017. Ruling on Entitlement at 2. On January 23, 2020, Respondent filed a proffer on award of compensation ("Proffer")

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicating Petitioner should be awarded $159,601.32.  Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $159,601.32 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SUSAN CAVALLARO, ) | |
| ) | |
| ) | No. 18-1053V |
| Petitioner, ) | Chief Special Master Corcoran |
| ) | ECF |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine-Related Items:**

On August 9, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  On August 9, 2019, the Court issued a Ruling on Entitlement, finding petitioner entitled to vaccine compensation for a right shoulder bursitis, which was caused-in-fact by a flu vaccination administered to petitioner on October 11, 2017.

Respondent proffers that, based on the evidence of record, petitioner, Susan Cavallaro, should be awarded $159,601.32, which amount represents $1,782.20 in compensation for lost earnings, $150,000.00 for actual and projected pain and suffering, and $7,819.12 for past unreimbursable expenses.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1] This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(f)(4)(A).

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $159,601.32 in the form of a check payable to petitioner, Susan Cavallaro.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/S/GLENN A. MACLEOD*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

Dated: January 23, 2020              Tel: (202) 616-4122

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.